John Tehranian (Bar No. 211616)
jtehranian@onellp.com
**ONE LLP**
4000 MacArthur Blvd.
East Tower, Suite 500
Newport Beach, CA 92660
Telephone:   949) 502-2870
Facsimile:   (949) 258-5081

Joanna Ardalan (Bar No. 285384)
jardalan@onellp.com
**ONE LLP**
9301 Wilshire Blvd.
Penthouse Suite
Beverly Hills, CA 90210
Telephone:   (310) 866-5157
Facsimile:   (310) 943-2085

*Attorneys for Plaintiffs*
*Creative Photographers, Inc.*

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF TEXAS – AUSTIN DIVISION**

| | |
|---|---|
| CREATIVE PHOTOGRAPHERS, INC., a New York corporation, <br><br> Plaintiffs, <br><br> v. <br><br> BLOOMJOY, INC., a Delaware corporation; and DOES 1-10, inclusive, <br><br> Defendants. | Case No.   1:20-cv-00160 <br><br> **COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)** <br><br> **DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Creative Photographers, Inc. ("CPI" or "Plaintiff"), by and through its attorneys of record, complain against BloomJoy, Inc. ("BloomJoy") and Does 1-10 (collectively "Defendants") as follows:

## JURISDICTION AND VENUE

1. This is a civil action against Defendants for their acts of copyright infringement in violation of the United States Copyright Act, 17 U.S.C. § 101. This Court has subject matter jurisdiction over the copyright infringement claim under 28 U.S.C. § 1331, 28 U.S.C. § 1332, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a).

2. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this Judicial District, the Defendant may be found and transacts business in this Judicial District, and the injury suffered by Plaintiffs took place in this Judicial District.  Defendant is subject to the general and specific personal jurisdiction of this Court because of their contacts with the State of Texas.  Specifically, on information and belief, Defendant's principal place of business is in Austin, Texas.

## PARTIES, JURISDICTION AND VENUE

3. Plaintiff is a corporation existing under the laws of the state of New York and has a principal place of business in New York, New York.

4. Plaintiff is informed and believe and, upon such, allege that BloomJoy is a corporation existing under the laws of Delaware and has a principal place of business in Austin, Texas.

5. DOES 1 through 10, inclusive, are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names.  Plaintiffs will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained.  Plaintiffs are informed and believe and, upon such, allege that each of the Defendants designated herein as a "DOE" is legally responsible in some manner for the events and happenings

herein alleged, and that Plaintiffs' damages as alleged herein were proximately caused by such Defendants. Plaintiff is informed and believes that, at least, DOE 1 is responsible for posting the CPI photographs at issue in this lawsuit on a website called Wokesloth.com which is part of the BloomJoy network.  Said photographs have also been reproduced, publicly displayed and distributed on bloomjoy.com and readbloomjoy.com (the "BloomJoy Websites"), which is owned, operated and controlled by Bloomjoy, as demonstrated by, inter alia, a copyright notice at the bottom of the websites which credits BloomJoy for the website content.

## STATEMENT OF FACTS

*Plaintiff and the Works Forming the Subject Matter of This Dispute*

6. Plaintiff CPI was founded in 1994 with a vision to create an independent "boutique style" photo agency with an exclusive library of cutting-edge and high-end images featuring celebrities and other notable subject matter. Today, its exclusive library is licensed for use in books, exhibitions, print sales, licensing, and other special projects around the world.  Included in CPI's library is a series of captivating and intimate shots of musician and television personality Christina Aguilera recently taken by noted photographer Zoey Grossman.  These photographs show Christina Aguilera appearing freckled and embracing the beauty of her natural imperfections.  First run in noted fashion and photography magazine *Paper*, the images were hailed by *Cosmopolitan* as "stunning," heralded by *People* as "gorgeous," and lauded by *Billboard* as "shockingly understated."  In short, these photographs of Aguilera were a transformative moment for Aguilera and a sharp contrast to her traditional public appearance, which often relies on heavy mascara, lipstick and styling.

7. At least four of the Aguilera photographs are at issue in this litigation (the "CPI Photos").  CPI is the exclusive agent with respect to those

works in question and is therefore the exclusive licensee of, among other things, the right to publicly distribute those works.

8. The CPI Photos have been timely registered with the United States Copyright Office. *See* VA 2-105-011.

### *Defendants and their Unlawful Activities*

9. On information and belief, Defendant BloomJoy is an accessible platform that allows online influencers to easily monetize content through syndicating such content throughout its network. Aside from assisting in monetization, BloomJoy provides a "team of 100+ award-winning writers, designers and influencers [who will] help [influencers] take [] content capabilities to the next level." In addition, BloomJoy promises to leverage its own 100,000,000 follower network to help grow the audience of its clients. While BloomJoy has only been active for about a year and a half, it has already received substantial attention from the start-up business community. On information and belief, it has received over $1.3 million in funding.

10. BloomJoy was co-founded by Jason Mustian, a veteran on the digital content marketplace. On information and belief, Mustian served as the VP of Content & Growth of Chive Media Group, another website which has repeatedly found itself accused on willful copyright infringement and has defended numerous lawsuits alleging willful copyright infringement of photographs. In addition, Mustian is the co-founder of SuperFeed Labs, a digital media company specializing in efficient publishing solutions and enjoys over 30 million unique visitors monthly. BloomJoy was also co-founded by David J. Phillips, a sophisticated angel investor and former Deloitte associate.

11. Defendant is a sophisticated party who is therefore aware of the basic strictures of copyright law and the need to properly license content for its commercial exploitation and, yet, has knowingly and willfully exploited Plaintiff's works without authorization from, or payment to, Plaintiff.

1  Defendant's business model handsomely profits off of syndicating content, and
2  that Defendant has done nothing ensure the content it profits from is lawfully
3  exploited demonstrates, at least, a reckless disregard for the Plaintiff's rights.
4  Defendant has failed to register a Digital Millennium Copyright Act Agent with
5  the Copyright Office for copyright holders to report infringement on the
6  BloomJoy network.

7      12.    Defendants have reproduced, distributed and publicly displayed at
8  least four of the CPI Photos on the BloomJoy websites, including but not limited
9  to readbloomjoy.com, wp.bloomjoy.systems, among other websites (collectively
10 "the BloomJoy Websites"), without consent or license.  On information and
11 belief, each CPI Photo is, at least, stored on the BloomJoy network through the
12 BloomJoy Websites.  The CPI Photos have been also been publicly displayed and
13 distributed by Doe 1 on its website, wokesloth.com.  Attached as Exhibit A are
14 true and correct screenshots of the infringements.

15     13.    Defendant used the CPI Photos to drive interest to their network and
16 to increase the potential for more traffic as well as advertising sales.  Thus,
17 Defendants acted with the purpose and goal of financial gain, despite being
18 sophisticated parties, with full knowledge of the strictures of federal copyright
19 law and the basic requirements for licensing the use of copyrighted content for
20 commercial exploitation.

21 **FIRST CLAIM FOR RELIEF**
22 **(Copyright Infringement, 17 U.S.C. § 501)**

23     14.    Plaintiff incorporates here by reference the allegations in paragraphs
24 1 through 13 above.

25     15.    Plaintiff CPI is the rightsholder to the copyrights of the CPI Photos,
26 which consist of wholly original material that constitutes copyrightable subject
27 matter under the laws of the United States.  Plaintiff has complied in all respects
28 with the Copyright Act and all of the laws of the United States governing

copyrights, including timely registering the Photos with the United States Copyright Office.

16. Defendants have directly, vicariously and/or contributorily infringed, and unless enjoined, will continue to infringe Plaintiffs' copyrights, by reproducing, displaying, distributing and utilizing the Photos for purposes of trade in violation of 17 U.S.C. § 501 et seq.

17. Defendants have willfully infringed the CPI Photos by knowingly reproducing, publicly displaying, publicly distributing, creating derivative works thereof and utilizing them for purposes of trade.

18. Defendants' acts of infringement are willful because, inter alia, Defendants are sophisticated parties with full knowledge of the strictures of federal copyright law and the basic requirements for licensing the use of copyrighted content for commercial exploitation.

19. On information and belief, Defendants, despite such knowledge, willfully reproduced, publicly distributed, publicly displayed, and created derivative works of the Photos. Defendants have received substantial benefits in connection with the unauthorized reproduction, display, distribution and utilization of the infringed photos for purposes of trade, including by increased traffic to the website, and increased ad revenue.

20. As a result of the acts of Defendants alleged herein, Plaintiffs have suffered substantial damage to their businesses in the form of injury to goodwill and reputation, and the dilution of the value of their rights, all of which are not yet fully ascertainable. Accordingly, Plaintiffs seek a declaration that Defendants have infringed Plaintiffs' copyrights and an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement of Plaintiffs' copyrights.

21. In light of the willful nature of the copyright infringement, CPI is entitled to potential award of up to $600,000 in statutory damages for the infringement of their respective timely registered photographs.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request judgment against Defendants as follows:

1. That the Defendants, their officers, agents, servants, employees, representatives, and attorneys, and all persons in active concert or participation with them, be permanently enjoined from designing, copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all advertising and promotional materials, print media, signs, Internet websites, or any other media, either now known or hereafter devised, bearing any image or design which infringe, contributorily infringe, or vicariously infringe upon Plaintiffs' Photos.

2. For the entry of a seizure order directing the U.S. Marshall to seize and impound all items possessed, owned or under the control of Defendants, their officers, agents, servants, employees, representatives and attorneys, and all persons in active concert or participation with them, which infringe upon Plaintiffs' Photos. copyrights, including but not limited to any and all broadcasting materials, advertising materials, print media, signs, Internet web sites, domain names, computer hard drives, servers or any other media, either now known or hereafter devised, bearing any materials which infringe, contributorily infringe, or vicariously infringe upon Plaintiffs' Photos as well as all business records related thereto, including, but not limited to, lists of advertisers, clients, customers, viewers, distributors, invoices, catalogs, and the like.

3. For actual damages and disgorgement of all profits derived by Defendants from their acts of copyright infringement and to reimburse Plaintiffs for all damages suffered by Plaintiffs by reasons of Defendants' acts, pursuant to 17 U.S.C. §§ 504 (a)(1) & (b).

4. For an accounting of all profits, income, receipts or other benefit derived by Defendants from the reproduction, copying, display, promotion,

distribution or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringe upon Plaintiffs' copyrights pursuant to 17 U.S.C. §§ 504 (a)(1) & (b).

5. For statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. §§ 504(a)(2) & (c).

6. For costs and interest pursuant to 17 U.S.C. §§ 504 (a)(1) & (b), 505.

7. For reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. §§ 505.

8. For any such other and further relief as the Court may deem just and appropriate.

Dated:  February 12, 2020                                   **ONE LLP**

By: /s/ Joanna Ardalan
John Tehranian
Joanna Ardalan

*Attorneys for Plaintiffs*
*Creative Photographers, Inc.*

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury as to all claims and all issues properly triable thereby.

Dated: February 12, 2020                                    **ONE LLP**

By: /s/ Joanna Ardalan
John Tehranian
Joanna Ardalan

*Attorneys for Plaintiffs*
*Creative Photographers, Inc.*